Jas. E. LINDSEY v. SMITH BROS. GRAIN CO. (No. 1902.) (Court of Civil Appeals of Texas. El Paso. Oct. 21, 1926.) Appeal from Haskell County Court; Jesse G. Foster, Judge. Brooks, Smith & Robinson, of Anson, for appellant. Smith & Smith, of Fort Worth, and J. P. Kinnard, of Haskell, for appellee.

HIGGINS, J. Appellee sued the appellant for damages occasioned by breach of contract for the sale of a carload of oats, and recovered judgment. The defendant appeals, assigning as error that the evidence is insufficient to establish the contract sued upon, in that the minds of the parties did not meet. This is a question of fact. The trial court found against appellant upon the issue, and the finding is abundantly supported by the evidence. This necessitates affirmance; and it is so ordered. Affirmed.

---

2

ORMSBY CHEVROLET COMPANY, Plaintiff in Error, v. Robt. DICKINSHEETS, Defendant in Error. (No. 7633.) (Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1926.) Error from Bexar County Court for Civil Cases; McCollum Burnett, Judge. Wm. H. Russell, of San Antonio, for plaintiff in error. McAskill, Williams & Alter, of San Antonio, for defendant in error.

COBBS, J. Defendant in error sued plaintiff in error to rescind certain notes and chattel mortgage given for the purchase of a certain Ford automobile, alleged to have been bought from plaintiff in error on September 26, 1925, for $350, of which $150 was paid in cash, and the balance evidenced by the notes sought to be canceled; defendant in error alleging that the "defendant, in order to induce the plaintiff to purchase the aforesaid automobile, did falsely and fraudulently represent to this plaintiff that the automobile was in good condition and in good running order, and that the tires, composed of the casings and tubes, on the automobile, were in good condition and had not been run very much, and that the aforesaid automobile and the tires on the same were in a good condition of repair and wear, wherein the plaintiff herein would get good service on the same, and did induce the plaintiff herein, by false and fraudulent statements made by the defendant, its agents, servants, and employees, to purchase the aforesaid automobile." Plaintiff in error answered by general and special exceptions and general and special answers. The case was tried without a jury and the court made the following findings of fact: "That the car was purchased as alleged; that it was a secondhand automobile at the time; that the cash was paid and mortgage given as alleged; that Stafford, defendant's agent, represented to plaintiff that the automobile was in good running order and condition and that the tires were in good condition and practically new, having been used about two months; that plaintiff relied upon such representations, and that same were false and untrue; and that within two weeks plaintiff returned the car to defendant." Judgment thereupon was entered against plaintiff in error for $150 and cancellation of the notes and chattel mortgage. The record discloses that the testimony supports the court's findings of fact, and, there being no error of law apparent, suf-ficient to cause a reversal of the judgment, the same is affirmed.

---

3

D. R. PICKENS, Appellant, v. Jessie May GROVE et al., Appellees. (No. 7611.) (Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1926.) Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge. Ed. Haltom, of San Antonio, for appellee,

COBBS, J. Appellees sued appellant, seeking possession of a lot of land and improvements thereon in the city of San Antonio. Appellant filed a plea in abatement and the general plea of not guilty. The case was tried before the court without a jury, and the court, after hearing the evidence, rendered judgment for appellee, that she recover the land, together with all improvements thereon and all costs of suit. Appellant has filed no assignments of error, and no brief has been filed by him. No error having been assigned, and there being no error apparent upon the record, the judgment of the court below is affirmed.

---

4

A. W. SAMBERSON v. Mrs. Minnie COOPER. (No. 1914.) (Court of Civil Appeals of Texas. El Paso. Nov. 4, 1926.) Error from District Court, Eastland County; Elzo Been, Judge. Chastain & Judkins, of Eastland, for plaintiff in error. Ben L. Cox, of Abilene, for defendant in error.

WALTHALL, J. Appellee, a feme sole, brought this suit against A. W. Samberson and wife, to recover judgment for the amount of principal, interest, and attorney fees, due on two promissory notes in the aggregate sum of $622.43, and to foreclose the vendor's lien expressed and retained therein on the real estate described. Judgment was rendered in appellee's favor for said sum and foreclosure of the lien ordered, from which judgment appellants prosecuted an appeal, and gave a supersedeas bond, with J. T. Neill and W. S. Wood as sureties thereon. There is no statement of facts, bill of exception, or assignment of error found in the record, and appellants have not filed briefs in this court within the time required by law, and no cause shown for failure to file briefs. We have examined the record, and find no error or irregularity of any kind, and are compelled to the conclusion that the appeal was taken without sufficient cause, and the execution of the judgment of the trial court suspended for the sole and only purpose of delaying appellee in the collection of her debt. It is therefore ordered that the judgment of the lower court be affirmed, with 10 per cent. damages for delay.